UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL SANTIAGO,<br>    *Plaintiff,*<br>        *v.*<br>DOREEN ROSSI,<br>    *Defendant.* | Civil No. 3:12cv132 (JBA)<br><br>June 5, 2013 |

**RULING ON PLAINTIFF'S MOTION TO AMEND**

Plaintiff Samuel Santiago moves [Doc. # 45] for leave to amend the Complaint a second time in order to join three additional parties, clarify that Defendant Rossi is being sued in both her individual and official capacities and remove those claims which were previously dismissed by the Court.

### I.     Procedural Background

Plaintiff amended his Complaint once before on June 19, 2012 to join an additional defendant (Defendant Rossi) and add Counts Three and Four. Now, Plaintiff seeks to join three additional parties ("Redeker," "Alejandro," and "Palauskas").[1] Consistent with the scheduling order deadline for amended pleadings of December 31, 2012, the Plaintiff sought leave to amend his complaint on December 28, 2012.

### II.    Legal Standard

After a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. . . [which] the court should freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 has been applied

---

[1] Additionally, the Plaintiff removes those claims against the State of Connecticut that the Court dismissed as a result of the Supreme Court's *Coleman* decision and clarifies that Ms. Doreen Rossi is being sued in her official and individual capacities. (Court's Ruling on Mot. to Dismiss [Doc. # 39]); *see Coleman v. Court of Appeals of Md.*, 132 S. Ct. 1327 (2012).

liberally, so that the Federal Rules "facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (*quoting Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

The Court has broad discretion to determine whether or not to allow a party to amend its complaint, considering "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182. Though Rule 15 is applied liberally, "Rule 16(b) may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007); Fed. R. Civ. P. 16(b). Under the Rule 16(b) standard, a party may obtain a modification of the scheduling order only "upon a showing of good cause."

### III. Discussion

In support of his motion to amend, Plaintiff argues that there will be no prejudice to Defendants, as the scheduling order set the deadline for amended pleadings as December 31, 2012, no new facts were added to the Complaint, and the three individuals named as defendants likely had notice of the suit as they worked at the Connecticut Department of Transportation when the Plaintiff was placed on involuntary unpaid leave. (Second Am. Compl. [Doc #46-1] at 3–4.) Further, discovery for the suit closes on July 31, 2013, which Plaintiff asserts will give Defendants adequate opportunity for discovery.

In opposition, Defendant Rossi states that the amendments would necessitate additional discovery; require an answer and additional affirmative defenses that could have been brought previously; are futile; and Plaintiff has not demonstrated "good cause"

2

consistent with Rule 16. [2] Defendant Rossi contends that if leave to amend is granted, Defendants will be "prevented from quickly seeking summary judgment" and that "trial in this matter will be unduly delayed." (Def.'s Opp'n [Doc #49] at 4.)

### A. Prejudice

The Second Circuit cites the "prejudice to the opposing party resulting from a proposed amendment as among the "most important" reasons to deny leave to amend." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010) (citing *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). However, unlike in *AEP Energy* where the plaintiffs' motion for leave to amend was made "three years after they filed their complaint," here, the motion for leave to amend and joinder was filed three days prior to the scheduling order deadline for amended pleadings. In *AEP Energy* the Second Circuit held that "the district court was correct to deny the "belated attempt to inject a new legal theory" into the case on grounds of undue delay and prejudice" because of the plaintiffs' significant, three-year delay in amending the complaint. *Id.* at 726; *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) (a district court did not abuse its discretion in denying the petitioner's motion to amend "on the ground that the motion was *brought after the court-ordered deadline for amending the pleadings*.") (emphasis added).

Although Defendant Rossi claims she will suffer prejudice if the amended pleading is allowed, discovery does not close until July 31, 2013 and the amendment is not likely to result in expenditure of "significant additional resources" on discovery

---

[2] Defendant Rossi's argument that the Rule 16 "good cause" standard applies to Plaintiff's motion is misplaced because "[s]everal circuits have ruled that the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed *after the deadline a district court has set for amending the pleadings*." *Parker,* 204 F.3d at 340 (emphasis added).

because the same set of circumstances and facts to the original complaint are alleged. *AEP Energy Servs.*, 626 F.2d at 725–26 (citing *State Teachers Ret. Bd.*, 654 F.2d at 856). Additionally, at the time of the filing of the motion for leave to amend, no depositions had taken place. Because the motion for leave to amend was timely, delay is not an issue. Further, even in circumstances where there was significant delay and discovery had been completed, the Second Circuit has granted leave to amend, particularly where the amendments sought were just "variations on the original theme." *See Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986); *see also United States for & on Behalf of Mar. Admin v. Cont'l Ill. Nat. Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989) ("the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading.").

### B. Futility

The defense also asserts that the motion should be denied because of its futility. Although futility of an amendment is a legitimate ground for denying a motion to amend, here, the amendment is not futile. Although Plaintiff failed to include the three additional parties in the original complaint, this omission may be explained by the fact that he likely did so because the Supreme Court's decision in *Coleman* had not yet been announced. After the decision in *Coleman*, Plaintiff amended his complaint to remove the State of Connecticut as a Defendant. This proposed second amended complaint seeks damages and prospective injunctive relief from Defendants. Although Plaintiff may be awarded only equitable relief in this suit against Defendants in their official capacities, he can also recover monetary damages against Defendants in their individual capacities. *See id.* Thus, because of the range of relief available to Plaintiff, the amendments naming additional defendants are not futile.

C.  **Interests of Justice**

Finally, the interests of justice would not be served by denying Plaintiff's motion for leave to amend. Denying leave to amend would likely preclude his ability to pursue his claims against the three individuals sought to be joined as defendants because of the statute of limitations.[3]

IV.  **Conclusion**

For the reasons discussed above, Plaintiff's Motion [Doc. # 45] to Amend is GRANTED. The Second Amended Complaint shall be served on the newly named defendants forthwith.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 5th day of June, 2013.

---

[3] The circumstances out of which Plaintiff's claims arose occurred in May 2010 and the statute of limitations on Family and Medical Leave Act claims will expire on June 30, 2013.